**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123853

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Stokes,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>The Midtowne Spa, Inc.<br>d/b/a Midtowne Spa<br>d/b/a Midtowne Spa Denver,<br><br>　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

　　　　Plaintiff Michael Stokes ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant The Midtowne Spa, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

　　　　1.　　This action seeks to recover damages for copyright infringement.

　　　　2.　　Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff publicizes in order to demonstrate his artistic talents and bring awareness to important social causes.

3. Defendant owns and operates a social media account with the name of "@MidtowneSpaLA" on Facebook (the "*LA Account*").

4. Defendant owns and operates a social media account with the name of "@Denver.Midtowne.Spa" on Facebook (the "*Denver Account*").

5. The LA Account and the Denver Account (hereinafter collectively referred to as the "*Accounts*") are associated with the Defendant.

6. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Michael Stokes is an individual who is a citizen of the State of California and maintains a principal place of business at 1201 Alvira Street, Los Angeles, in Los Angeles County, California.

8. Upon information and belief, Defendant The Midtowne Spa, Inc. is a Colorado corporation with a principal place of business at 615 Kohler Street, Los Angeles in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over The Midtowne Spa, Inc. because it maintains its principal place of business in California.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because The Midtowne Spa, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to reputable online and print publications.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has achieved international recognition for his photography work with wounded veterans.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. Defendant The Midtowne Spa, Inc. has exclusive access to post content on Defendant's Facebook Accounts.

18. Defendant The Midtowne Spa, Inc. uses its Accounts to advertise and promote its business whereby it financially benefits.

19. Plaintiff Michael Stokes authored a photograph of a male model, Aron Abikzer, partially clothed in military fatigues ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

20. Photograph 1 was registered by the USCO on October 21, 2015 under Registration No. VA 1-977-391.

21. On October 31, 2021, Plaintiff observed Photograph 1 on the LA Account in a post dated November 9, 2016. A copy of the screengrab of the LA Account including Photograph 1 is attached hereto collectively as Exhibit 2.

22. A copy of Photograph 1 was displayed on Defendant's LA Account at www.facebook.com at the following URL:

https://www.facebook.com/MidtowneSpaLA/photos/1156061547804164 (*Exhibit 2-Infringement #1*).

23. Aron Abikzer is an army veteran. Plaintiff would have never authorized or allowed the usage of Aron Abikzer's image by Defendant.

24. Plaintiff Michael Stokes authored a photograph of US Army veteran, Colin Wayne, partially dressed in military fatigues ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

25. Photograph 2 was registered by the USCO on October 19, 2015 under Registration No. VAu 1-222-627.

26. On October 31, 2021, Plaintiff observed Photograph 2 on the LA Account in a post dated November 10, 2016. A copy of the screengrab of the LA Account including Photograph 2 is attached hereto collectively as Exhibit 2.

27. A copy of Photograph 2 was displayed on Defendant's LA Account at www.facebook.com at the following URL: https://www.facebook.com/MidtowneSpaLA/photos/1158325184244467 (*Exhibit 2-Infringement #2*).

28. Colin Wayne is an army veteran who was injured in Afghanistan who is a huge social media presence and influencer. Plaintiff would have never authorized or allowed the usage of Colin Wayne's image by Defendant.

29. Further, Defendant's usage of a wounded soldier to advertise a Veteran's Day event so as to be able to sell additional tickets is particularly egregious.

30. On November 01, 2014, Plaintiff Michael Stokes authored a photograph of a topless male model in a white sailor hat ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

31. Photograph 3 was registered by the USCO on October 21, 2015 under Registration No. VA 1-977-391.

32. On January 7, 2022, Plaintiff observed Photograph 3 on the Denver Account in a post, dated September 1, 2014. A copy of the Denver Account and Photograph 3 is attached hereto collectively as Exhibit 2.

33. A copy of Photograph 3 was displayed on Defendant's Denver account at www.facebook.com at the following URL: https://www.facebook.com/Denver.Midtowne.Spa/photos/775961349129336 (*Exhibit 2-Infringement #3*).

34. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Accounts.

35. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

36. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

37. Each Infringement is an exact copy of the vast majority of Plaintiff's original images that was directly copied and stored by Defendant on the Accounts.

38. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

39. Upon information and belief, the Photographs were willfully and

volitionally posted to the Accounts by Defendant.

40. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

41. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

42. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

45. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its service revenues and/or merchandise sales.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

49. After achieving notoriety with the veteran and international armed forces community, Plaintiff became more selective about when and where he posts any image depicting or alluding to wounded veterans from any of the armed services.

50. The general public familiar with the Plaintiff's work may assume that the Plaintiff 'sold-out' and licensed images of veterans of war to Defendant which

profits from being a "club for Gay and Bisexual Men … to enjoy each other's company" or more colloquially a "love hotel."

51. The aforementioned post and/or posts on Defendant's Accounts not only exploits an American service member for hotel bookings but also damages the reputation of Plaintiff and photography subject by associating them with behaviors they did not wish to endorse or condone.

52. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

53. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

54. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

55. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57. Defendant's reproduction of the Photographs and display of the Photographs on the Accounts constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

61. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: February 8, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123853

*Attorneys for Plaintiff*